The Honorable Bruno A. Barreiro Representative, District 107 Suite 203 1401 West Flagler Street Miami, Florida 33135
Dear Representative Barreiro:
You have asked substantially the following question:
May the Florida Legislature authorize those forms of gambling associated with casino operations?
In sum:
The Florida Legislature may not authorize those forms of gambling associated with casino operations.
Lotteries have been prohibited in this state since 1868.[1] The predecessor to the current constitutional provision specifically provided that "[l]otteries are hereby prohibited in this State."[2] The most recent expression of this prohibition is contained in Article X, section 7, Florida Constitution, which states that "[lo]tteries, other than the types of pari-mutuel pools authorized by law as of the effective date of this constitution, are prohibited in this state."
The voters of this state have twice rejected, once in 1978 and again in 1986, attempts to amend the Constitution to specifically authorize casino gambling. However, in 1986, the voters approved an amendment to authorize the "Florida Education Lotteries."[3]
This amendment allows the state to operate lotteries from which the net proceeds are to be deposited into a state trust fund for appropriation by the Legislature for educational purposes.
While the Constitution does not define the term "lottery",[4]
Florida courts and this office have construed the constitutional prohibition many times in an effort to determine whether various transactions constitute lotteries. Using the rationale of these cases, a lottery may be identified by the presence of three elements: 1) a prize, 2) awarded by chance, 3) for consideration.[5]
Thus, those games or activities which are primarily games of chance or which have an inherently unpredictable outcome and in which a prize is awarded for consideration would fall within the scope of the constitutional prohibition. Those games commonly associated with casino gambling would, in my opinion, satisfy this test.[6]
Therefore, in light of the constitutional prohibition against lotteries in this state, the Legislature may not authorize forms of gambling commonly associated with casino operations.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, Art. IV, s. 20, Fla. Const. 1868; and Art. III, s. 23, Fla. Const. 1885; and see, Greater Loretta Improvement Association v. State ex rel. Boone, 234 So.2d 665, 668 (Fla. 1970), for a discussion of the history of lotteries in this state.
[2] Id.
[3] See, Art. X, s. 7, Fla. Const. 
[4] See, Greater Loretta Improvement Association v. State ex rel. Boone, 234 So.2d 665, at 667 (Fla. 1970).
[5] See, Little River Theatre Corporation v. State ex rel. Hodge,185 So. 855 (1939); Dorman v. Publix-Saenger-Sparks Theatres,184 So. 886 (Fla. 1938). And see, Op. Att'y Gen. Fla. 90-58 (1990); Op. Att'y Gen. Fla. 58-266 (1958).
[6] See, e.g., Op. Att'y Gen. Fla. 89-5 (1989) (a coin operated "crane game" having an unpredictable outcome or chance which is inherent in the machine qualifies as a slot machine or device within the meaning of Ch. 849, Fla. Stat.).